## KELSO VS. ADAMS.

### SUPREME COURT, AUSTIN TERM, 1882.

*Plea of Privilege to Jurisdiction—Consent to Continuance a Waiver of—Requisites of Plea.*—A party who has been served with process issued from the county where suit is instituted against him and appears in obedience thereto and consents to a general continuance of the

cause will not be heard at a subsequent time to plead to the jurisdiction of the court his privilege to be sued in the county of his residence, it being other than where suit is brought, and especially after an agreement enter ed into by him to refer the matter in dispute to arbitration.

When the parties to a case consent to a continuance thereof they there-by consent to try the cause in that court at a subsequent term.

A plea to the jurisdiction which states that before and·at the date of the commencement of the suit defendant resided in Z county and not in U county, is insufficient in that it does not show his residence at the date of the service and of filing the plea. The plea of privilege should not only show fully what is necessary to be answered but should anticipate and ex-clude all such supposed matter as if alleged on the opposite side would de-feat the plea.

This suit was brought in the District Court of Uvalde county by appellant against appellee to recover the sum of $763. The petition which was filed August 6, 1875, alleges a verbal contract between the parties by which appellant was the gather and deliver to the appellee at Steel ranch, in said county, on the second day of April, a number of cattle at one dollar, coin, per head; that the contract was made March 10, 1873; that appellant gathered the cattle to the number of 760 and had them ready at the time and place of delivery, but that appellee refused to claim the cattle or pay for the gathering and prayed for judgment for the sum of $760 coin, with legal interest from the second day of April, 1873. January 8, 1875, the case was continued for services. Citation issued January 23, 1875, and was served by the sheriff of Uvalde county January 26, 1875. May 17, 1875, the cause was continued by consent. September 22, 1875, being the first day of the term of the court, the parties filed in the cause an agreement to sub-mit the matter in controversy to arbitration. The agreement commences as follows, to·wit:

No. 112 A. A. Kelso  ⎫ Suit for damages pending in the
vs.       ⎬ District District Court of Uvalde
P. T. Adams.    ⎭ county.

We, the undersigned, plaintiff and defendant in the above suit, hereby agree, etc. The agreement is signed by A. A. Kelso, plaintiff, and P. T. Adams, defendant. At the same term of the court on the twenty-fifth September the cause was continued by consent. January 17, 1876, appellee filed, under

oath, a plea to the jurisdiction to the effect "that before and at the time of the commencement of this suit he resided in the unorganized county of Zavalla, which is attached to the county of Frio for judicial purposes, and not in the county of Uvalde." On the same day appellant moved the court to strike out the plea upon the ground that appelle had waived his privilege and submitted to the jurisdiction by consenting to the continuances and by filing papers in the case. The court empannelled a jury and instructed them to find in which of the two counties the appellee resided on the sixth day of August, 1874, the day the suit was filed. The jury returned that he resided in Zavalla and the court rendered its judgment dis missing the suit. From a bill of exceptions it appears that appellant offered to prove by the record that the appellee had filed in the cause the agreement to arbitrate, but the court excluded the evidence. The testimony shows that appellee, at the commencement of the suit lived in a mile or two from the Uvalde county line and that he resided there until February 25, 1875. Appellant offered to prove that since the filing of the suit appelle had removed into Uvalde county, and was residing in said county at the date of the trial, but the court refused to admit the evidence, to which appellant excepted. The court, in signing appellant's bill of exceptions, does so with the explanation "that no pleas had been filed by defendant nor any appearance except by entry of attorney's names on the docket, and the agreement to continue and written agreements to arbitrate."

Opinion by Delaney, J.

Our opinion is, that the court erred in overruling appellant's exceptions to the plea to the jurisdiction. Appellee had been duly served with process, and we think that his consent to a general continuance, and especially his agreement to refer the matter in dispute to arbitration was a submission to the jurisdiction of the court. Our statute requires pleadings to be filed in the due order of pleading. By the old order of pleadings a plea to the jurisdiction could not be filed after a general imparlance. (3 Bl., Com., 301. See also Gould's Pleading.) Where the parties to a cause consent to a continuance they, by that act agree to

try the cause before that court, but not at that term.   Other-
wise a defendant might have a case continued until the plain-
tiff's cause of action was barred by limitation and then by in-
terposing mere dilatory pleas dismiss the suit.   Appellant
complains also that the court imposed upon him the burden
of disproving the special plea of appellee.   The rule is laid
down directly the other way in Robertson vs. Ephraim, 18 T.,
118, and the burden of sustaining his plea is imposed on the
defendant.   Although it is not necessary for the decision
of the cause, we may remark upon the plea interposed by ap-
pelle, that it states " that before and at the time of the com-
mencement, of this suit defendant resided in the county of
Zavala and not in the county of Uvalde."   The citation is-
sued to Uvalde county, and was served by the sheriff of that
county.   The plea does not show that defendant did not re-
side in Uvalde at the date of the service nor does it show
where he resided at the date of the filing of the plea.   In the
case just cited of Robertson vs. Ephraim, 18, T., 118, the
plea is in this form : " That defendant is not now and was not
at the time of the filing of said suit a resident citizen of the
county of Lavaca, but a resident of the county of Harris.
This latter plea seems to follow the old precedents where a
party defendant pleaded his privilege of being sued in some
particular place or before some particular court.   It would
seem also to be correct upon principle, for it is held that
these pleas of privilege should not only aver fully what is
necessary to be answered but should anticipate and exclude
all such supposable matter as would, if alleged on the op-
posite side, defeat the plea.   (Houston and Texas Central R.
R. Co. vs. Gram, 50 T., 181.   See also 44 T., 304, and Gould's
Pleadings, chap. 3, sec. 57-58.)   Now suppose that, after the
filing of the plea in the case before us, the plaintiff had re-
plied that defendant had removed into the county of Uvalde
and was served with process in that county, would not this
have defeated the plea?   We conclude that the judgment
should be reversed and the cause remanded.